RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
KATE BERRY
Assistant Federal Public Defender
Nevada State Bar No. 14346
200 S. Virginia Street, Ste 340
Reno, Nevada 89501
(775) 321-8451/Phone
(702) 388-6261/Fax
Kate_Berry@fd.org

Attorney for MAURCEL AMARI GILL

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAURCEL AMARI GILL

Defendant.

Case No. 3:25-cr-00021-ART-CSD

**STIPULATION TO CONTINUE MOTION DEADLINES AND TRIAL DATES**
(First Request)

IT IS HEREBY STIPULATED AND AGREED, by and between Federal Public Defender Rene L. Valladares, Assistant Federal Public Defender KATE BERRY, counsel for MAURCEL AMARI GILL, United States Attorney Sigal Chattah, and Assistant United States Attorney MEGAN RACHOW, counsel for the United States of America, that the calendar call currently scheduled for August 5, 2025, at 11:00 a.m., be vacated and continued to **March 3, 2026, at 11:00 a.m.,** and the trial scheduled for August 26, 2025, at 9:00 a.m., be vacated and continued to **March 26, 2026, at 9:00 a.m.**

IT IS FURTHER STIPULATED AND AGREED, that the parties herein shall have to and including **January 16, 2026**, to file any and all pretrial motions and notices of defense.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including **January 30, 2026**, to file any and all responsive pleadings.

IT IS FURTHER STIPULATED AND AGREED, by and between the parties, that they shall have to and including **February 6, 2026**, to file any and all replies to dispositive motions.

The Stipulation to continue is entered into for the following reasons:

1. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The defendant is currently on bond and consents to the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolved through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5. The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

6. Denial of this request for continuance would deny counsel for the defendant sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

This is the first stipulation to continue filed herein.

DATED this 25th day of July, 2025.

RENE L. VALLADARES
Federal Public Defender

By: */s/Kate Berry*

KATE BERRY
Assistant Federal Public Defender
Counsel for MAURCEL AMARI GILL

SIGAL CHATTAH
United States Attorney

By: */s/Megan Rachow*

MEGAN RACHOW
Assistant United States Attorney
Counsel for United States

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAURCEL AMARI GILL,

Defendant.

Case No. 3:25-cr-00021-ART-CSD

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**

## FINDINGS OF FACT

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. The continuance is necessary for the following reasons. First, the failure to grant this continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

2. The defendant is currently on bond and consents to the continuance.

3. Counsel for the defendant will need additional time to conduct investigation in this case in order to determine whether there are any pretrial issues that must be litigated and whether the case will ultimately go to trial or resolved through negotiations.

4. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for the defendant sufficient time to complete necessary research, prepare and submit appropriate pretrial motions.

5. The proposed date would allow counsel to represent other clients zealously and still allow for meaningful investigation and litigation of this case, including the filing of pretrial and trial motions.

6. Denial of this request for continuance would deny counsel for the defendant

sufficient time to effectively and thoroughly prepare and submit pretrial motions and notices of defense, taking into account the exercise of due diligence.

7. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, § 3161(h)(7)(A), considering the factors under Title 18, United States Code §§ 3161(h)(7)(B)(i) and 3161(h)(B)(iv).

This is the first stipulation to continue filed herein.

**CONCLUSIONS OF LAW**

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i) and (iv).

**ORDER**

IT IS THEREFORE ORDERED that the parties herein shall have to and including **January 16, 2026** to file any and all pretrial motions and notice of defense.

IT IS FURTHER ORDERED that the parties shall have to and including **January 30, 2026** to file any all responses.

IT IS FURTHER ORDERED that the parties shall have to and including **February 6, 2026** to file any and all replies.

IT IS FURTHER ORDERED that the calendar call currently scheduled for August 5, 2025, at 11:00 a.m., be vacated and continued to **March 3, 2026, at 11:00 a.m.**; and the trial currently scheduled for August 26, 2025, at 9:00 a.m., be vacated and continued to **March 26, 2026, at 9:00 a.m.**

**IT IS SO ORDERED** this _____________ of July, 2025.

______________________________

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE